UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUIS C. PAULINO,

                               Petitioner,                    16-cv-3839 (PKC) (BM)

       -against-

                                                        OPINION AND ORDER
                                                        ADOPTING REPORT
                                                         <u>AND RECOMMENDATION</u>
THOMAS GRIFFIN,

                               Respondent.
-----------------------------------------------------------------x
CASTEL, U.S.D.J.

        Luis C. Paulino, the petitioner, is serving a sentence of 22 years imprisonment following his conviction in New York Supreme Court, Bronx County, for criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree. His habeas petition challenges the state court's denial of his motion to suppress certain evidence seized in violation of the Fourth Amendment, a denial of his Sixth Amendment right to the effective assistance of counsel arising out of a failure of the trial court to appoint substitute counsel, the purported failure of the trial court to conduct an adequate inquiry regarding a juror's continued impartiality to serve, and the imposition of a constitutionally excessive sentence in violation of the Eighth Amendment. The asserted federal constitutional protections are incorporated by reason of the Fourteenth Amendment.

        Paulino's pro se petition, brought under 28 U.S.C. § 2254, was referred to Magistrate Judge Barbara Moses to hear and report. Judge Moses filed a Report and Recommendation (the "R&R") that recommended denial of Paulino's petition. Paulino filed sweeping objections to the R&R that mirrored the points made in his state court proceedings and in the habeas petition.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In view of the nature of Paulino's objections, the Court has conducted a <u>de novo</u> review of the petition and its legal and factual claims. 28 U.S.C. § 636(b)(1)(C).

The R&R of Judge Moses concludes that Paulino's petition was timely filed. The R&R also concludes that Paulino exhausted his state remedies by pursuing the matter through the trial court, the Appellate Division of the Supreme Court, and by seeking leave to appeal to the New York Court of Appeals, which leave was denied. The R&R then concludes that no claim was procedurally defaulted, except the Eighth Amendment excessive sentence claim which, nevertheless, was considered on its merits. The Court agrees with and adopts these conclusions. It also agrees with and adopts the balance of the conclusions in the R&R.

<u>Fourth Amendment Challenge to the Lawfulness of the Arrest, Search, and Seizure</u>. The R&R correctly found that Paulino had a full and fair opportunity to litigate his Fourth Amendment claims at a suppression hearing, in which the prosecution called three witnesses and the defense two witnesses. It resulted in a reasoned written decision by the trial judge that was reviewed by on appeal. The R&R properly concludes that Paulino's ability to fully and fairly litigate the claim in state court forecloses federal habeas relief. <u>Stone v Powell</u>, 428 U.S. 465, 494 (1976).

<u>Sixth Amendment Right to Counsel</u>. During jury selection, Paulino's court-appointed lawyer advised the Court that Paulino was dissatisfied with him and wanted him replaced because of disagreements over the exercise of preemptory challenges. (Jury Selection Tr. 115–17). The trial judge allowed Paulino to speak, cautioning him not to get into the facts of the case or trial strategy. (<u>Id.</u>). Paulino complained that his lawyer "never agrees with what I'm

2

saying." (Id.). The trial judge noted that the lawyer was "knowledgeable as to the law" and was an "expert." (Id. at 117–118). Paulino said "All right, your Honor, then he can stay and be my lawyer but I am not going to say not even half a word of anything that has happened in this whole case." (Id. at 118–119). The trial judge responded "That's your right. So we'll proceed then." (Id.).

Examining the standards under both federal and New York law, the R&R properly concluded that Paulino's request was timely, that the trial judge made the requisite minimal inquiry, and that the record does not show a complete breakdown in communication. Indeed, in his objections to the R&R, Paulino concedes "I am agreeing with the Court that I received competent representation in part." (Obj. at 9). Even in his objections to the R&R, Paulino has given no reason for requiring a change of his appointed counsel other than that his lawyer had disagreed with his suggestions as of the time of jury selection. The R&R concludes correctly that there was no constitutional error in the actions of the trial judge.

The R&R also concluded that if there were any error in failing to substitute new counsel, it was harmless because Paulino received competent representation. The R&R notes that Paulino was found not guilty on the top charge, second degree murder, and was only convicted of crimes that he essentially admitted at trial. The Court agrees with the R&R that, if there was any error, it was harmless.

<u>Sixth Amendment Right to an Impartial Jury</u>. During the trial, an empaneled juror failed to report resulting in a two-day continuance of the trial. A Court Officer spoke with the juror who told the Officer that he had spoken to the trial judge, telling the judge that he was unwell and would not be in. Upon hearing the report, the trial judge stated that she had not spoken with the juror. Defense counsel requested that the juror be excused because he had lied, a request the

3

judge denied along with a request that the judge question the juror. The trial judge reasoned that the relevant question was whether the juror could be fair and impartial and there was no indication that he could not be. Because there was no evidence of bias or lack of impartiality, the R&R correctly concluded that there was no Sixth Amendment violation.

<u>Eighth Amendment Challenge to Sentence</u>. The R&R concludes that because Paulino did not assert in state court an Eighth Amendment challenge to his sentence, he may not do so for the first time on federal habeas review and therefore his challenge is procedurally barred. But, if the merits were considered, Paulino's claim would not present a viable constitutional issue because incontrovertibly his sentence was within the range of permissible sentences under state law. A sentence within the state range of permissible sentences does not, absent circumstances not presented here, provide a basis for federal habeas relief. <u>White v. Keane</u>, 969 F2d 1381, 1383 (2d Cir. 1992).

CONCLUSION

The R&R is adopted in its entirety. The Clerk is directed to close the case and enter judgment for the respondent.

Paulino has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; <u>see</u> <u>Blackman v. Ercole</u>, 661 F.3d 161, 163–64 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and so in <u>forma pauperis</u> status is denied. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 6, 2020